THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DA-
KOTA, Plaintiffs in Error, *vs.* EDWARD F. PARKER, Defend-
ant in Error.

ERROR TO THE DISTRICT COURT OF DAKOTA COUNTY.

As the law stood in 1856, a failure of the County Commissioners to examine the assessment rolls of the several districts in the county, and ascertain whether the valuation of the real estate in each district bears a just relation or proportion to the valuation in all the districts in the county, and to equalize the same, would render the tax illegal.

A payment to a tax collector who makes a demand with the assessment roll and warrant attached, is not voluntary.

Where an illegal tax is collected by a collector, and charged to him by the county as taxes collected by him in a general settlement of his accounts, the county may be sued for the tax as having received it.

In an action for the recovery of money only, the jury may find a general or special verdict in their discretion, subject to the power of the Court to instruct them to find specially upon any or all of the issues.

If a party desires to avail himself of error in the rulings or instructions of the Court, he must except to them at the trial:

Points and Authorities of Plaintiffs in Error.

Where recovery is demanded as a matter of right, if a party voluntarily pay it with a full knowledge of the facts upon which the demand is founded, he cannot recover it back, though the claim was unfounded. *Clark vs. Dutchie*, 9 *Cow.*, 674; 1 *Wend.*, 355; *Supervisors, &c., vs. Briggs*, 2 *Denio*, 26; *Wyman vs. Farnesworth*, 3 *Barb.*, 369; 9 *John.*, 370; 2 *Phil. Ev.*, 118; 1 *Taunt.*, 144; 2 *East.*, 469.

Voluntary payment of tax cannot be recovered back. 14 *John*, 89; 8 *John*, 436; 10 *John*, 360; 3 *John*, 434.

The Statutes provide that application to have tax refunded, must be made to Board of County Commissioners within two years. *Pub. Stats.*, 243.

At the time Defendant in Error received from the county its allowance of $192.50, that sum was accepted in full payment of his quarterly salary; as was also subsequent quarters' payments received, without claiming the $32.50; but even if

the amount received was taken under protest, receiving such payment nulifies such protest. 2 *Sandf.*, 475.

The ratification by a corporation of a void assessment, does not aid the proceeding. *Doughty vs. Hope*, 1 *Comst.*, 79.

Assessors and collectors are not agents of a town in such a sense as to make the town responsible for their mistakes or liable to refund a tax collected of one erroneously assessed therefor. *Lorilard vs. The Town of Monroe*, 1 *Kern.*, 392; *The People vs. The Supervisors of Chenango County*, 1 *Kern.*, 573.

*Assessors* are *personally liable* to refund a tax to one improperly assessed. *Myagatt vs. Washburne*, 15 *N. Y.*, 316; 1 *Kern.*, 563. And in such case the county or town cannot be compelled to allow the persons thus wrongfully assessed, the amount of tax collected from him. *Id.*

A corporation is not liable for improper execution of public work by agents whom it is obliged to employ. *Bailey et als. vs. The Mayor, &c., of N. Y.*, 3 *Hill.*, 531, 538; 3 *Hill.*, 612.

Where there are several issues, the verdict must comprehend all of the issues. 7 *Halst.*, 532; 1 *Arch. Pr.*, 190; 2 *Wheat.*, 225; 1 *Lord Raym.*, 324; 2 *Burrow*, 698; 14 *John*, 84; *Stats.* 561, *sec.* 35; *Coffin vs. Jones*, 11 *Pick.*, 45; 4 *Hayw.*, 255; 6 *Humph. R.*, 45; 1 *Miss.*, 283; 4 *Munf.*, 292.

It is only where the finding of one or more of several issues is decisive of the cause, and which renders the other issues immaterial, that the jury will be execused from finding any verdict upon the other issues. *French vs. Hackett*, 12 *Pick.*, 15.

If the jury find only part of the issue, judgment cannot be entered on the verdict. 1 *Gra. & Wat. on New Trials*, 140, *and cases there cited.*

If the verdict be defective or imperfect so that no judgment can be entered on it, it will be set aside. 7 *Wend.*, 330; 2 *Wils.*, 377; 1 *Randolph*, 269; 5 *Cranch.*, 19; 1 *Root*, 268; 1 *Day*, 189.

Application for a new trial as provided by statute may be made "immediately after the verdict or other decision rendered." *Statute*, 565.

The amount paid cannot under any circumstances be recovered back unless the tax was absolutely void.

Points and Authorities of Defendant in Error.

I.—A new trial (if granted) must be granted upon one of the grounds mentioned in *sec. 59, chap. 61, p. 564, Min. Stat.,* in relation to new trials, and on no other.

II.—If the Court erred in any ruling at the trial the Plaintiff in Error has waived his right to a new trial by not excepting to such supposed errors at the proper time and during the trial. *Min. Stat., p. 564, sec. 59, subdivision 7.* The agreed case shows that "the counsel for Defendant made no exceptions in said case to any ruling therein during any part of the trial of said cause from its commencement until after the verdict was rendered." *See case stated.* On a motion for a new trial a party cannot take an objection to the charge which he did not raise at the trial. *Cook vs. Hill,* 3 *Sand.,* 341.

III.—If the pleadings were bad, as is pretended, it is too late to object to their sufficiency now on a motion for a new trial. In the case at bar the pleadings were regularly made up with ample time to perfect them. The answer puts all the material allegations of the complaint in issue—the case goes to trial upon the pleadings—testimony is offered, received and subjected to cross-examination—no objections to the pleadings or testimony is made by Defendant—the case is argued upon its merits—the jury is charged by the Court and no objection or exception whatever to the charge is made— the jury retire, consider and return their verdict, and after notice of taxation of costs to Defendant, and after judgment is actually perfected, the first objection by Defendant is raised when the case is made and presented to the Court for settlement preparatory to a motion for a new trial, on the fourth day after the verdict.

It is a well settled principle that " a party cannot take for the first time on a motion for a new trial an objection, which if taken at the circuit might have been obviated." *Doane vs. Eddy,* 16 *Wend.,* 522. A new trial is never granted for a defect in the pleadings. *Meyer vs. McLean,* 1 *John,* 509; *Van*

*Wetchen vs. Graves,* 4 *John,* 403; 5 *Cow.,* 106; *Parsons vs. Parsons,* 5 *Cow.,* 476; *Ford vs. Monroe,* 20 *Wend.,* 210; *Mc-Neish vs. Stewart,* 7 *Cow.,* 474; *Wait vs. Maxwell,* 5 *Pick.,* 207; *Den vs. Gerger,* 4 *Halst.,* 225; *Worfield vs. Ishell,* 1 *Bibb.,* 247; *Cannon vs. Alsbury,* 1 *A. K. Marsh,* 76; *Jackson vs. Jackson,* 5 *Cow.,* 173.

IV.—A new trial will not be granted where justice has been done by the verdict. *Howard vs. Arken,* 3 *McCord,* 467; *Wilson vs. Rhoades,* 4 *Yeates,* 38; *Wilson vs. Williams,* 14 *Wend.,* 146; *High vs. Watson,* 2 *John.,* 46; *U. S. vs. Martin,* 2 *McLean C. C. R.,* 256; *Denniston vs. McKeen,* 2 *McLean C. C. R.,* 253; *Gra. & Wat. on New Trials, vol.* 3, *page* 867, *and authorities.*

V.—Where justice has been done by the verdict, the Court will not grant a new trial to let in a mere technical defence. *Bush vs. Critchfield,* 5 *Ham.,* 109.

The second cause of action does not as fully set out the facts as does the first cause of action; but both claims are based on the illegality of the tax of 1856, and if the verdict was set aside and a new trial granted, an amendment would perfect the complaint (if not well plead now), the evidence being the same, on a second trial the result would not be changed.

VI.—The verdict of the jury was a general verdict upon all of the issues. The jury had no right to return a verdict on each several claim separately. *Min. Stat. chap.* 61, *sec.* 34, *p.* 561.

VII.—The damages were not excessive. To warrant a new trial on the ground of excessive damages, it must appear that they have been given under the influence of passion or prejudice. *Min. Stat. p.* 564, *sec.* 59, *subdiv.* 4. The whole amount claimed exceeded $350; the verdict was for $271.04, and by computation it is ascertained to be the allowance of the 1st, 2nd, and part of the 4th claim.

VIII.—The rulings of the Court were not erroneous.

1. The Board of County Commissioners were required to equalize and correct the assessment rolls returned by the assessors. *Rev. Stats. of Minn. of* 1851, *p.* 100, *sec.* 23-4-5-6-7, (*Col. Stat. chap.* 9, *p.* 232.) If they were not equalized and

corrected, the tax is illegal. *Blackwell on Tax Titles*, *p.* 130.

2. The money received by Defendant, through the sheriff as collector of taxes, on the illegal tax of 1856, was received to the use of the Plaintiff. *Hill vs. Board of Supervisors of Livingston county*, 2 *Kern.*, 52 ; *Torrey vs. Inhabitants of Millbury*, 21 *Pick.*, 64 ; *Joy vs. Oxford*, 3 *Green Rep.* 131 ; *Inglee vs. Bosworth*, 5 *Pick.*, 498; *Walker vs. Cochran*, 8 *N. H. Rep.*, 169 ; 7 *Wend.* 89 ; 11 *Pick.* 498 ; 13 *Mass.* 272 ; 4 *Cowan* 454.

3. That such payment was not a voluntary payment. The payment of a tax on a demand, to a collector with a warrant commanding him to levy distress upon the goods and chattels of the person taxed, in case of refusal, is not a voluntary payment.

SMITH & GILMAN, with T. R. HUDDLESTON, Counsel for Plaintiff in Error.

EDWARD F. PARKER, Counsel for Defendant in Error.

*By the Court*—FLANDRAU J.—The complaint makes out a cause of action against the Defendant, in regard to the tax of 1856. It alleges in substance that the Board of Commissioners did not examine the assessment rolls to ascertain whether the valuation of the real estate in the several districts bore a just relation or proportion to the valuation in all the districts in the county, as they were obliged to do under the provisions of *sec.* 23, *p.* 100, *of the Old Revised Statutes.* And also that the Defendants did not equalize the assessments as required in the succeeding section. These allegations are made in rather a roundabout way, yet we think they are contained in folios 5, 6, 7 and 8 of the complaint, which are as follows :

"And the said Plaintiff avers that on the 8th day of July, 1856, said Defendant at a session of said Board did examine the assessment roll of the assessor of said Hastings assessor's district of said county aforesaid, and said Defendant did then and there by a vote reject the assessment roll of the assessor of said Hastings assessor district, on account of said assessor

not having discharged his duties as assessor, and that said Board, said Defendant, did order the said Hastings assessor's district to be reassessed.

"And said Plaintiff avers that said Defendant did not at said session of said Board, or at any other session, equalize and correct the assessment roll of said district of Hastings, or any other district in said county, for the taxes of the year 1856.

"And said Plaintiff avers that said Defendant at a session of said Board held on the second day of September, A. D. 1856, did fix the rate of per cent. to be levied on the advalorem of the assessment rolls, including Territorial, school and county taxes, at one per cent.

"And said Plaintiff avers that said Defendant took no other or further official action as a Board of County Commissioners on said taxes of 1856, other than heretofore particularly mentioned, previous to the 25th day of November, 1856."

These allegations show what they did do, and also that they did nothing else. The Defendant insists that the Plaintiff must show that the assessment rolls, as returned by the assessors, were unequal, and needed equalization, as every intendment is in favor of public officers having performed their duty. Had it appeared that the examination had been made by the Board, and no equalization had followed, the intendment might have been that no equalization was necessary; but where it appears that the Board did not make the examination, we cannot infer that the failure to equalize arose from any such cause, but must conclude that the whole was an omission on the part of the Defendant to perform an essential step in the imposition of the tax. This view is strengthened by the allegation in folio twenty-two of the complaint in which it is alleged that the Defendant at a meeting "did resolve that the tax of 1856, levied in said county of Dakota, was illegal, null and void, and the said Defendant did then and there totally disregard the same as binding and of force in said county."

An issue of fact is made upon the cause of action, growing out of the Plaintiff's salary as county attorney. The bill of exceptions, or rather case, for there are no exceptions, which

was agreed upon by the parties, shows that the Plaintiff without objection, proved the material facts alleged in his complaint on all four counts. The Court charged the jury that if the Defendant did not equalize and correct the assessment rolls of the assessors for 1856, that the tax was illegal. No exception was taken to this part of the charge, and no question can be made upon it here. We think, however, it was correct. The Court also charged that a payment of taxes to a collector upon a demand, with the assessment roll and warrant attached in his hands, was not a voluntary payment. In this he was also correct. *Blackwell on Tax Titles*, 197. No exception was, however, taken to the charge. The Court also charged that if the Defendant charged the collector with the sum he received from Bailly in their settlement with him, as taxes collected by him, they should find that the county of Dakota did receive the same to the use of the Plaintiff. In this he was also right. *Blackwell on Tax Titles*, 197; *Foster vs. The Board Co. Commissioners of Blue Earth Co., decided at this term*.

The charge on the subject of the third and fourth count was strictly correct.

The whole issue went to the jury, and they found a general verdict for the Plaintiff, as they had a right to do under *sec. 35, p. 561, Comp. Stats.* If the Defendant desired special findings upon any of the issues, he should have asked the Court to instruct the jury to find specially, under the same section. The action was for the recovery of money only; the verdict was for a sum certain, no exceptions were taken to any of the testimony, or instructions of the Court, and the damages are not in any manner excessive. We are unable to find any error in the record, and must affirm the judgment.