JUDGE OOFEB
delivered the opinion of the court.
This was a suit to recover the contract-price for improving an alley in the city of Louisville lying between Broadway and *493 Jacob streets, and extending from Logan Street to Shelby Street. The alley is situated 150 feet from Broadway and 230 feet from Jacob Street, and the cost of the improvement was-assessed on all the ground between the alley and Broadway, or to a depth of 150 feet on that side, while on the opposite side the assessment only extended to the depth of 30 feet from the alley.
The number of square feet between the alley and Broadway is 48,000, and the whole was assessed. The number of square feet between the alley and Jacob Street is 69,000, only 9,000 of which were assessed. The lots on each side extend from the street to the alley, so that the whole of the property in the square borders on the alley, and each owner has access to it from his lot.
The owners of lots between the alley and Broadway complained of the assessment, but the chancellor decided against them, and they have appealed; and whether the assessment was right is the sole question in the case.
Section 2 of the amendment to the charter of Louisville, approved Feb. 20, 1873, and which, so far as this ease is concerned, is the same as section 12 of the charter of 1870, which we have so often had occasion to quote, provides that the original construction of any street, road, lane, or avenue shall be made at the exclusive cost of the owners of each fourth of a square, to be equally apportioned by the general council according to the number of square feet owned by them respectively, and that each subdivision of territory bounded on all sides shall be deemed a square.
In assessing for the cost of streets the rule has always been to assess the two fourths of squares on opposite sides of and contiguous to the improvements. Thus, if A Street, as shown in the following diagram, is improved from 1 to 2, the assessment would extend each way to the parallel dotted lines, the center of the squares respectively.

*494

When B Street is improved the assessment will be extended on each side to the parallel dotted lines, and three fourths of each square will have been assessed once, two fourths twice, one fourth once, and one fourth not at all, and when all the streets bounding the squares are improved each fourth will have been assessed twice, and each assessment will have been made upon the fourths of squares contiguous to it, and upon no other, thus demonstrating that it was the intention of the legislature that each improvement should be made at the cost of each contiguous fourth of a square.
The reason for such a rule of assessment is obvious. The effect of its operation is to charge the cost upon the property which is most benefited by the improvement, and which ought, therefore, in justice to pay for it.
*495 The same principle, we think, not only can, but ought to be applied in making assessments for improvements in the interior of a square. The contiguous property is most benefited by the improvement of an alley, and should pay for it, for the same reason that the contiguous property is charged with improving a street.
In this instance, as the alley does not divide the square into equal parts, the question arises whether the assessment should extend each way to the next parallel street, only half way to each, or to Broadway, the nearest street, and an equal distance toward Jacob Street.
If opposite squares contiguous to a street are of unequal depth, as in the foregoing diagram, each square is assessed to its center line. The assessment is thus unequal in amount, but those required to pay most own most contiguous property, and the charge being based upon the square foot as the unit of assessment, the burden is at last equal.
So in this case, the persons owning property extending from Jacob Street to the alley will, if the assessment be extended the whole distance, be required to pay more than those owning the property betweejj^ Broadway and the alley; but having more square feet of ground, they will receive a corresponding increase of benefits.
It seems to us therefore that not only justice, but that uniformity of rule which ought to exist in laying such assessments, demand that the assessment should extend on each side of the alley to the nearest parallel street.
That this conclusion is not only warranted by the language of the charter, and in harmony with the underlying principles which the legislature intended should govern in such cases, but is just and equitable in this particular case, we entertain no doubt, nor have we any doubt that such a rule will be just in a very large majority of the cases that will arise. No doubt cases may be imagined, and indeed may occur, in which such *496 a rale will operate unjustly, but tbe same may be said of nearly every rule of law; yet that occasional hardships may result has never been deemed a sufficient reason for refusing to adopt a rule which commended itself to the judgment and conscience of the court, and which the court could feel assured would operate with more justice than any other that could be suggested.
For these reasons the judgment is reversed, and the cause remanded with directions to correct the apportionment so as to charge the appellants’ property with its proportion of the cost of improving the alley, as indicated in this opinion.