# Washle, &c v. Nehan.

| 97 | 351 |
| 97 | 358 |

### APPEAL FROM LOUISVILLE CHANCERY COURT.

ASSESSMENTS FOR STREET IMPROVEMENTS.—Under the amendment of Feb. 20, 1873, to the charter of the city of Louisville, the relative location of the fourths of squares, and not of the lots, determines what property is liable to assessment for the improvement of any public way, whether it be a street or an alley. And no lot is liable to assessment for such improvement unless the fourth of a square in which it lies is contiguous to the improved way.

JNO. S. JACKMAN AND JAMES S. RAY FOR APPELLANTS.

As the property sought to be subjected is not within the fourth of the square binding on, adjacent or contiguous to the improvement, the court erred in subjecting the property. The cost of improving alleys in the interior of a square must be apportioned in the same way as the cost of making streets. (Schmelz &c., v. Giles, &c., 12 Bush, 495.)

W. P. LINCOLN FOR APPELLEE.

1. Sec. 2, of the act of Feb. 20, 1873, repealed sec. 12 of the city charter.
2. In Schmelz v. Giles, 12 Bush, 491, the court lays down a uniform rule for apportioning inter-square improvements, which is "that the assessment should extend on each side of the alley to the nearest parallel street."

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellee brought this action upon apportionment warrants to recover of appellants the amounts assessed against them respectively to pay for the improvement of an alley done by him under a contract with the city of Louisville, and to enforce liens upon their lots to satisfy his demands.

Appellants filed a general demurrer to the petition, which

---

*This case was not ordered to be reported at the time it was decided. It is now reported pursuant to a recent order of the court.

was overruled. They then filed a joint answer and amended answer, but the court sustained demurrers to both, and rendered judgment against them for the amounts claimed in the petition, and for a sale of their lots. And they have appealed to this court.

As appears from a diagram made part of the answer the alley improved by appellee extends from Congress street, west of Twentieth, north, to a point less than half the distance to Market street; thence east, forming a right angle, to Twentieth street. The alley is entirely within the southeast fourth of the square, and is not touched by a fourth of the square in which the lots of appellants are located.

The question presented is whether appellants are, by the second section of the act to amend the city charter of Louisville, approved Feb. 20, 1873, made liable to assessment to pay for the improvement.

The 12th section of the act establishing the new city charter, approved March 3, 1870, has been frequently construed by this court, and though the second section of the act of 1893 was passed in lieu of it, there is no difference between the two in respect to assessments to pay for the original construction and improvement of public ways in that city. In both acts it is provided that "such improvements shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned by the general council, according to the number of square feet owned by them respectively, except that corner lots, say thirty feet front, extending back as may be prescribed by ordinance, shall pay twenty-five per cent. more than others for said improvement."

The object of the legislature in thus localizing taxation for such purposes is to require each improvement to be made at the cost of those presumed to be specially and directly

benefited by it, and to prevent arbitrary and unequal assessments without equivalent advantages. And according to the only reasonable construction of the acts, and the one heretofore uniformly given by this court, the relative location of the fourths of squares, and not of the lots, determines what property is liable to assessment for each improvement.

In the case of Schmelz v. Giles &c. 12 Bush, 494, this court uses the following language: "It was the intention of the legislature that each improvement should be made at the cost of each contiguous fourth of a square. The reason for such rule of assessment is obvious; the effect of its operation is to charge the cost upon the property which is most benefited by the improvement, and which ought therefore, in justice, to pay it. The same principle we think not only can, but ought to, be applied in making assessments for improvements in the interior of a square. The contiguous property is more benefited by the improvement of an alley, and should pay for it for the same reason. There is no distinction made by the act of the legislature between streets and alleys; the rule by which to determine what property shall be assessed for improving one applies to the other.

Counsel for appellee refers to the case of Schmelz v. Giles, *supra*, to sustain the judgment of the chancellor. In that case the alley extended through a square, and though dividing it into unequal parts, the lots assessed were contiguous to the alley. In this case neither the lots of appellants, nor the fourths of squares in which they are located, touch the alley improved. Besides, on account of the peculiar shape of it, none but those whose property front upon it will be benefited by it.

We are of opinion the lots of appellants, not being in a fourth of the square contiguous to the alley, are not liable

to assessment to pay for improving it, and the chancellor erred in overruling the demurrer to the petition, and in sustaining it to the answer and amended answer.

Wherefore, the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

---

CASE 57—PETITION EQUITY—APRIL 18.

