FLANAGAN v. CITY OF TULSA *et al.*

No. 4418.   Opinion Filed November 9, 1915.

Rehearing Denied February 29, 1916.

(155 Pac. 542.)

**MUNICIPAL CORPORATIONS—Street Improvements—Assessments—Validity—Limitations.** F. owns lot 8, block 3, Hodge addition to the city of Tulsa. Said lot is located in the southwest corner of said block. Block 6 of said addition lies immediately south of said block 3. These blocks are platted and are of the same size as ordinary blocks of said city. Said addition, as platted, formed a part of the corporate limits of said city at the time it adopted its charter. Block 3 is bounded on the north by East First street, on the east by Madison avenue, on the south by block 6, and on the west by Lansing avenue. East Second street runs from some

point east of said blocks to the center thereof. If said street were extended west between said blocks, said blocks would be of equal size and block 3 would be bounded on the south by said street. Said city, in paving East First street from Madison avenue to Lansing avenue, in determining the assessable territory to pay the cost of such improvement, treated said blocks 3 and 6 as one block, and assessed a portion of the cost of said improvement against said lot 8. Before making said assessment said city gave notice of the time and place of hearing protests, and F. appeared and filed written protest against said property being assessed for any portion of the cost of said improvement. This protest was overruled, and F. brought an action to enjoin the collection of said assessment. **Held:** (a) That said city, in determining the assessable territory to pay the cost of said improvement, is governed by the platted blocks of said city and did not have the power to treat blocks 3 and 6 as one block; that, notwithstanding the fact that said East Second street was not extended west between said blocks, yet said city should have treated it as constructively extended for the purpose of determining the assessable territory, and that block 3 should have been treated as a separate block for such purpose: (b) that said assessment against said lot was beyond the power of said city and void, and its charter provisions as to the limitation in which actions may be brought, does not apply.

(Syllabus by Dudley, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Thomas P. Flanagan against the City of Tulsa, a municipal corporation, and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Schaeffer & Kerrigan,* for plaintiff in error.

*Randolph, Haver & Shirk* and *John R. Ramsey,* for defendants in error.

Opinion by DUDLEY, C. On January 31, 1912, the plaintiff in error, plaintiff below, commenced this action in the district court of Tulsa county against the defendants in error, defendants below, to enjoin the collection of an alleged illegal paving assessment against lot 8,

block 3, Hodge addition to the city of Tulsa, one of the defendants in error here, and to cancel said assessment as a cloud upon his title to said lot. The parties will be referred to as they were in the trial court. The defendants filed a motion to dismiss said action, which was treated by the court as a general demurrer to the petition and sustained. Plaintiff saved exceptions and declined to plead further, whereupon judgment was rendered against him, dismissing said action at his cost, from which he has appealed.

The facts necessary to be considered for a determination of the questions presented, in substance, are: The defendant city is a municipal corporation, duly organized and existing, and a city of the first class with a charter form of government. The plaintiff owns lot 8, block 3, of Hodge addition to said city. Block 6 of said addition lies immediately south of said block 3. These blocks are platted, and are of the same size as ordinary blocks of the defendant city. This addition, as platted, lay within the corporate limits of the defendant city at the time it adopted its charter. Block 3 is bounded on the north by East First street, on the east by Madison avenue, on the south by block 6, and on the west by Lansing avenue. Lot 8 is located in the southwest corner of block 3. Block 6 is bounded on the north by block 3, on the east by Madison avenue, on the south by East Third street, and on the west by Lansing avenue. East Second street runs from some point east of these two blocks west to the center thereof. Since the institution of this action, East Second street has been opened and extended by the defendant city west between blocks 3 and 6, leaving these two blocks of equal size, in fact, the same size as blocks 2 and 7 on the east, so that, as a matter of fact, block 3 is now bounded on the south by East Second street.

In the fall of 1911 the defendant city undertook to pave East First street from Madison avenue to Lansing avenue, and in doing so created what is known as improvement district No. 58A.  At the time this district was created, East Second street had not been opened or extended between blocks 3 and 6, and the defendant city, in determining the assessable territory to pay for the paving of East First street, treated and considered blocks 3 and 6 as one block, and therefore attempted to assess a portion of the cost of paving said street against lot 8 in block 3 of said addition.  It is conceded that, if the city had the right to treat these two blocks as one block in determining the assessable territory, then lot 8 is assessable for its proportionate cost of the improvement; but, upon the other hand, if block 3 should have been treated as a block within itself, then lot 8 is not within the assessable territory, and no part of the cost of the improvement should be assessed against it.  Proper notices of the time and place of hearing protests to the proposed assessment of the property within this paving district was given, and the plaintiff appeared and filed a written protest, protesting against his property being assessed for any portion of the cost of the improvement in said district, insisting that his property was not assessable for any portion of the cost thereof.  This protest was overruled, and within 45 days thereafter the plaintiff instituted this action for the purpose of enjoining the collection of said assessment.

The plaintiff insists that in determining the assessable territory in said improvement district the platted blocks of the defendant city must control, and that, even though East Second street was not opened or extended west between block 3 and 6, it was the duty of the defendant city to treat this street as constructively

extended for the purposes of determining the assessable territory. The defendants insist that it had the power under its charter, and, in fact, it was its duty to treat these two blocks as one block, or at least it had the discretionary power to do so.

This identical question, based upon a similar state of facts, was before this court in the case of *M., K. & T. Ry. Co. v. City of Tulsa et al.,* 45 Okla. 382, 145 Pac. 398, and determined in favor of the contention of the plaintiff, in which case it was said in the syllabus:

"Where the charter provides that the board of commissioners shall have the power to assess the whole cost of construction against the owners of the property abutting upon the street improved who are benefited thereby, and in apportioning the cost of such improvement each quarter block shall be charged with its due proportion of paving, both the front and side streets of such block, together with the areas formed by street intersections, which costs shall be apportioned among the lots or subdivisions of such quarter blocks according to the benefit to each lot or parcel, *held,* that the charter means, for the purpose of taxing for improvement of streets, the taxing district shall include all the property between lines drawn parallel with the street improved and back from it one-half block on each side.

"Where the charter so provides and the commissioners, in fixing the taxing districts to pay for the improvement of a street running east and west, went back on the north side of the street one whole block, *held,* that the north half of the block so included was without the taxing district.

"Where, to pay for the improvement of a street running east and west in the city of Tulsa, it appears that blocks from 15 to 21, inclusive, abutting said street on the north, were abutted on the north by Fourth street, that said street was abutted on the north by correspond-

ing blocks, also separately numbered on the city plat, and that said street, theretofore one of the city's system of streets, had been vacated and occupied by a railroad right-of-way, *held*, that said blocks and corresponding blocks did not thereby become one block, that said street, for assessment purposes, should have been treated as extended, and that the commissioners, in fixing the taxing district to improve said street, should have run the line north thereof parallel with said street and back from it one-half block, and not parallel with said street between blocks from 15 to 21, inclusive.

"Where certain parcels of ground appear upon the official plat of a city, approved by the Secretary of the Interior, and are shown as lots and blocks, the platted boundary lines thereof must control in fixing the taxing districts to improve a street upon which said blocks abut. The assessment must be limited to the blocks which actually abut on the street, and cannot be extended to corresponding blocks by reason of the fact that the street intervening between them has been vacated and included in the right-of-way of a railroad company."

Mr. Justice Turner, in rendering the opinion of the court in that case, exhaustively reviewed the authorities, and further discussion of the question would serve no useful purpose. The various provisions of the charter of the defendant city necessary to be considered in determining the questions presented in the instant case were considered by this court in the Katy case, and we therefore do not deem it necessary to set them out in full here. An able effort has been made by counsel for the defendants to distinguish the facts in the instant case from the facts in the Katy case, but we are unable to see any material difference, and, in our opinion, the law announced in the Katy case is controlling and conclusive of the questions presented here. We therefore conclude that the defendant city, in determining the assessable territory of said

improvement district, did not have the power to treat blocks 3 and 6 as one block, but that it was its plain duty to be governed by the platted blocks, and that, even though East Second street was not extended between blocks 3 and 6, it should have treated it as constructively extended for the purpose of determining the assessable territory in said improvement district. Lot 8 is not within the assessable territory, and is therefore not liable for any portion of the cost of improving East First street. *M., K. & T. Ry. Co. v. City of Tulsa et al., supra; Dumesnil v. Shanks,* 97 Ky. 354, 30 S. W. 654, 31 S. W. 864; *Specht v. Barber Asphalt Paving Co.* (Ky.) 80 S. W. 1106; *Cooper v. Nevin,* 90 Ky. 90, 13 S. W. 841; *Smith et al. v. City of Des Moines et al.,* 106 Iowa, 590, 76 N. W. 836.

The defendants next insist that, even though the defendant city did not have the authority to treat blocks 3 and 6 as one block, but should have treated block 3 as a separate block, yet its conduct in this respect is a mere irregularity, and the assessment against lot 8 is not void, but voidable, and the plaintiff having failed to institute this suit within the statutory period fixed by its charter, his right of action is barred, and no relief can be given. With this contention we cannot agree. That portion of the defendant city's charter applicable to the question of limitation is as follows:

"At any time within ten days after hearing in section seven of this article provided for has been concluded, any person or persons, corporation or corporations, having an interest in any real estate which may be subject to assessment under this charter, or otherwise, having any financial interest in such improvement or improvements, or in the manner in which the cost thereof is to be paid, who may desire to contest on any ground the validity of any proceeding that may have been had with reference to the

making of such improvements, or the validity in whole or in part, of any assessment lien fixed by said proceedings, may institute suit for that purpose in any court of competent jurisdiction.  Any person or persons, corporation or corporations, who shall fail to institute such suit within a period of ten days, or who shall fail to diligently prosecute such suit in good faith to final judgment, shall be forever barred from making any such contest or contests, and this estoppel shall bind their heirs, successors, administrators and assigns.  The city of Tulsa, or the person or persons to whom the contract has been awarded shall be made defendants in such suit, and any other proper parties may be joined therein.  There shall be attached to plaintiff's petition an affidavit of the truth of the matter therein alleged, except such matters as are alleged on information and belief, and that such suit is brought in good faith, and not to injure or delay the city or contractor, or any owner of real estate abutting on the improvement. Unless the provisions of this section are complied with by plaintiff or plaintiffs, such suit shall be dismissed on mo- tiffs shall be barred and estopped to the same extent as tion of any defendant, and in that event plaintiff or plain- if suit had not been brought."

Under the charter of the defendant city, plaintiff's property was not within the assessable territory in said improvement district, and was therefore not liable for any portion of the cost of said improvement, and the action of the defendant city, in treating said blocks 3 and 6 as one block, and in including plaintiff's property in the as · sessable territory of said district, was beyond its power, and the attempted assessment is illegal and void.  Mr. Justice Turner, in the Katy case, after quoting approvingly from the Supreme Court of Iowa in the case of *Smith et al. v. City of Des Moines et al., supra,* said:

"And so we say that, as the platted boundary lines of the lot controlled in that case, so the platted boundary lines of blocks 15 to 21, both inclusive, must control in this

case in determining what is meant by a 'block,' and that the lots in controversy, lying within the north half of the platted blocks, as they do, were without the taxing district, and hence the assessment sought to be imposed thereon is void."

See, also, *Gardner et al. v. Eberhart et al.,* 82 Ill. 316; *Liebermann v. City of Milwaukee et al.,* 89 Wis. 336, 61 N. W. 1112.

A city can create a valid municipal assessment for improving a street only when the improvement is made pursuant to law and the mode established by statute is strictly followed. *Morrow v. Barber Asphalt Paving Co. et al.,* 27 Okla. 247, 111 Pac. 198; *McGrew v. Kansas City,* 64 Kan. 61, 67 Pac. 438; *Scott v. Hinds,* 50 Minn. 204, 52 N. W. 523. The attempted assessment against plaintiff's property is void, and therefore the charter limitation provision as to the time in which a suit may be brought does not apply, and the plaintiff's action was not barred. *Morrow v. Barber Asphalt Co., supra; Liebermann v. City of Milwaukee, supra.*

The justice of the conclusion we have reached is manifest by the facts in this case, for the record discloses that East Second street has been opened and extended west between these two blocks, and doubtless, in due course of time, this street will be paved, and, if so, plaintiff's property will be bound to bear its share of the cost of that improvement, and, if the present assessment should be held valid, then the effect would be that his property would bear double assessment.

The trial court committed error in sustaining the demurrer to the petition, and the cause should therefore be reversed and remanded.

By the Court: It is so ordered.