## HARRISON vs. THE CITY OF MILWAUKEE.

*April 3 — April 20, 1880.*

CITIES: SPECIAL TAXES. *(1) Voluntary payment? (2) When statutory remedy for excessive tax charges not exclusive.*

1. Only one-half of the cost of laying certain pipes being chargeable by law to plaintiff's lots, if plaintiff paid the whole of such cost (included in the taxes charged against her upon the city tax roll), not knowing what the actual cost was, and under a belief, caused by fraudulent misrepresentations of the city officers, that she was charged with only half the cost, this is not a voluntary payment. *Owens v. Milwaukee,* 47 Wis., 461, distinguished.
2. If the city charter gave plaintiff the right to appeal from the assessment to the circuit court within a specified time, that remedy cannot be held *exclusive,* so as to prevent a recovery by action brought in the circuit court, of the excess in the amount paid in ignorance of the facts, through fraudulent misrepresentations of the officers.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleges that the defendant corporation, since 1875, has been empowered to lay water-pipes in all the alleys, streets, etc., of said city, and to assess against the several lots or parcels of land which may front or abut on the line of such water-pipes, the amount to which the land is specially bene-

fited, provided that no regular lot shall be assessed more than one-half the cost, as estimated by the board of public works, of furnishing and laying a regular minor water-pipe, with the required openings for connections with private service water-pipe, along the front of such lot, and to include the amount of such special assessment in the tax levy of the current year, and to collect the same and enforce payment thereof in the same manner as assessments for street improvements are collected, for the benefit of the water fund of said city. It is then alleged that plaintiff, during the year 1878, and for two years prior to that date, was the owner in fee simple, and in possession, of a certain half lot and of a certain portion of an adjoining lot, both in the fourth ward of said city and having a total frontage on Wells street of 417.17 feet; that she was compelled by said city to pay, and did, on the 6th of January, 1879, actually pay, to the treasurer of said city, the full sum of $333.64 on account of the water-pipe assessment made thereupon in the year 1878; that she made such payment under protest and in order to prevent a sale of said lots for such assessment, which said treasurer was then and there duly authorized and threatening to make; that prior to the 15th of August, 1878, defendant contracted with one Crilley to lay all the six-inch pipe required to be laid in said city during said year for thirty-one cents per lineal foot, and the pipe hereinafter mentioned was by him laid under said contract and for that price; that the highest price paid by said city for iron pipe was $25.95 per ton — to wit, the sum of eighty cents per lineal foot for six-inch pipe; and that the entire cost of furnishing and laying six-inch pipe of the kind above described, in said city, with the regular openings for connection with private service water-pipe, did not during 1878 exceed eighty cents per lineal foot, which fact was well known to the board of public works when they made the assessments hereinafter mentioned; that said board of public works was duly authorized by resolution of the common council adopted July 29 and August 26, 1878,

to cause water-pipes to be laid in Wells street across the entire front of plaintiff's said lands, and thereupon, and after the execution by said defendant of the contracts under which the pipe was furnished and laid (to wit, at a time when said board well knew the exact cost of furnishing and laying said pipe, and knew that the whole cost thereof would not exceed eighty cents per lineal foot), said board made a pretended assessment of the benefits accruing to said lands by reason of laying said pipe, by which they willfully and fraudulently assessed the *entire cost* of laying such minor water-pipe against each parcel or lot of land in front of which it was laid, instead of assessing only one-half the cost thereof, and fraudulently claimed that it cost said sum to lay said pipe; that said assessments were reported to the comptroller, and returned to the city clerk, and included in the tax roll for 1878; that plaintiff was compelled to pay and did pay to said city the amount of such fraudulent assessment to save her lots from sale, under the mistaken impression and belief, induced by the fraudulent representations made to her by the defendant and said officers and said board of public works, that the same covered only that one-half part of the cost of said pipe which was properly chargeable to her said lots; and that afterwards, and as soon as she learned the facts above mentioned, she petitioned the mayor and common council of said city to repay to her the sum of $166.82, so wrongfully exacted from her, which they have neglected and refused to do. Judgment is therefore demanded against said city for said sum of $166.82, with interest, etc.

The defendant demurred to the complaint as not stating a cause of action, and appealed from an order overruling the demurrer.

*D. H. Johnson*, City Attorney, for the appellant, contended, 1. That even if the tax were void, and payment made under protest, the amount could not be recovered back unless payment was compelled by duress of person or goods — *goods*,

not land. *Lincoln v. Worcester*, 8 Cush., 55; *Forbes v. Appleton*, 5 id., 115; *Benson v. Monroe*, 7 id., 125; *Clark v. Boston*, 9 Allen, 393; *Taylor v. Bd. of Health*, 31 Pa. St., 73; *Robinson v. Charleston*, 2 Rich. Law, 317; *Elston v. Chicago*, 40 Ill., 514, 518; *Mayor, etc., of Baltimore v. Leffermann*, 4 Gill, 425. 2. That, under the charter of Milwaukee, plaintiff's remedy, if aggrieved by the assessment, was by appeal therefrom. Laws of 1874, ch. 184, subch. X, sec. 19. 3. That the complaint does not show either a fraudulent assessment or that plaintiff was induced to pay it by false representations. It shows that the city paid eighty cents per lineal foot for the pipe, and thirty-one cents per lineal foot for laying it, and states nothing as to the additional cost of storage, transportation from the warehouse to the place of laying, water-gates, hydrants, connections, etc. It alleges that plaintiff paid the assessment under a belief, induced by false representations, that it was all right, and yet that she paid it under protest. Plaintiff was put upon inquiry as to the legality of the assessment. *Owens v. Milwaukee*, 47 Wis., 461. If it was too high, she had twenty days after notice of the assessment, in which to ascertain that fact and take her appeal. If it was void, she should have resisted and not have paid it, there being no duress of person or goods. It will be claimed that the complaint charges false representations made by the defendant, its officers and board of public works, by which she was beguiled into paying. But the city could not make representations otherwise than by its officers, and it is liable for their acts only when they act officially — regularly in pursuance of special authority, or irregularly in pursuance of a general authority (*Owens v. Milwaukee, supra*); and the only act charged which is either actually or colorably official, is the making of the assessment itself. Plaintiff's claim, therefore, closely scanned, is merely that the board made too high an assessment, and *thereby* induced her to believe that it was all right and to pay it under protest. This will not do. The

appeal was provided for the very purpose of correcting such errors.

*Frank B. Van Valkenburgh*, for the respondent:

1. At $25.95 per ton, the cost of six-inch pipe is only *forty-five* cents per lineal foot; and the statement that it is eighty cents is a mere clerical error. The statement of the entire cost of laying the pipe in question is not in any way dependent upon the prior allegation of the highest price paid for such pipe in 1878. The demurrer admits the allegation that " the entire cost of furnishing and laying the pipe in question did not exceed eighty cents per lineal foot." 2. The complaint does not state that the plaintiff learned the facts or paid the tax within the time allowed for an appeal, but shows that the tax was paid long after that time expired, and that the protest was made at the time of payment. 3. A warrant for the collection of taxes is in the nature of an execution, upon which a party has no day in court; and when he is called on peremptorily to pay upon such a warrant, he may pay under protest, and recover back money wrongfully collected, as money had and received. *Preston v. Boston*, 12 Pick., 7; *Amesbury W. & C. Manuf'g Co. v. Amesbury*, 17 Mass., 461; *B. & S. Glass Co. v. Boston*, 4 Met., 181; *Astley v. Reynolds*, 2 Strange, 916; *Powell v. Supervisors*, 46 Wis., 210.

COLE, J. There can be no doubt that the plaintiff's lots could not legally be assessed for more than one-half of the cost, as estimated by the board of public works, of furnishing and laying the regular minor water-pipe in front of her lots. It is alleged in the complaint that the entire cost of furnishing and laying the water-pipe during the year 1878 did not exceed the sum of eighty cents per lineal foot, which fact was well known to the board; that the board made a pretended assessment of the benefits to her lots by reason of laying the water-pipe, in and by which they willfully and fraudulently assessed the entire cost of laying the water-pipe against each

lot, instead of assessing only one-half the cost thereof, as by law they were authorized to do, and fraudulently claimed that it cost that sum to lay said pipe; that said assessments were reported to the comptroller and returned to the city clerk, and included in the tax roll for the year 1878; and that the plaintiff was compelled to pay, and did actually pay, to said city the amount of such fraudulent assessments to save her lots from sale, under the mistaken impression and belief, induced by the fraudulent representations made to her by the city officers and board of public works, that the same covered only that one-half part of the cost of said pipe which was properly chargeable to her said lots.

The plaintiff sues the city to recover back the excess thus wrongfully exacted from her. The question arising on the demurrer is, whether the action will lie. The learned counsel for the city insists that it will not, because, first, the facts stated, as he claims, show that the plaintiff voluntarily paid the amount assessed against her lots. A voluntary payment, he says, of even a void tax cannot be recovered back, though made under protest, unless it was compelled by duress of goods or person, and nothing of the kind is shown in this case. The principle of law is well settled; that if a person, with full knowledge of all the facts, voluntarily pays an unjust claim made upon him, and attempted to be enforced by legal proceedings, he cannot recover back the money as paid by compulsion, unless there be fraud in the party enforcing the claim, and a knowledge on his part that the claim is unjust. *Benson v. Monroe*, 7 Cush., 125; *Forbes v. Appleton*, 5 Cush., 115; *Clark v. City of Boston*, 9 Allen, 393; *Taylor v. Board of Health*, 31 Pa. St., 73; *Powell v. Board of Supervisors of St. Croix County*, 46 Wis., 210; *Noyes v. State*, id., 250; *Owens v. Milwaukee*, 47 Wis., 461.

In this case it does not appear that the plaintiff paid the assessment with full knowledge of the facts as to the real cost of furnishing and laying the water-pipe in front of her lots.

Indeed, the inference from the allegations is, that she acted under a mistaken belief upon the subject, which was caused or produced by the officers of the city. A payment made under such circumstances, while ignorant of the facts which invalidated the tax, is not a voluntary payment, within the authorities. But the counsel for the city further insists that the plaintiff, at least, was put upon inquiry; that it was her duty, within the rule of the Owens case, to have ascertained the cost of the work before she paid the assessment; and that, failing to do this, she cannot recover back the excess illegally exacted. We do not, however, think the plaintiff was bound to use any such diligence to ascertain the fact, especially in view of the averment that she was actually misled by the fraudulent representations by the officers of the city, which were made to her, that the assessment only covered one-half of the cost of the pipe properly chargeable to her lots. This averment takes the case out of the rule of the Owens case.

But, secondly, the same counsel insists that, under the provisions of the charter, the plaintiff might have appealed from the assessment, if she felt aggrieved thereby, and that this was her only remedy. Conceding the position to be correct, that section 19, sub-ch. X of ch. 184, Laws of 1874, gave the plaintiff the right to appeal from the assessment to the circuit court of Milwaukee county within twenty days after the completion of the publication of the notice by the comptroller, as in case of appeals from the decisions of the common council in respect to assessments of benefits for street improvements, still we do not think this was her exclusive remedy. The plaintiff did not know of the mistake or fraud in the assessment even when she paid her tax, and this was long after the right to appeal had expired. As we have said, the complaint states that she was misled by the fraudulent representations of the city officers as to the cost of the pipe; and in a case of that kind we hardly think the legislature intended to deprive a party of all other remedy except the appeal under the char-

ter. These allegations in respect to fraud may be disproved on the trial, but we now have to assume that they are well founded in fact. And we should be unwilling to sanction the doctrine that the lot-owner lost all remedy to correct the wrong inflicted upon him by the fraudulent representations of the city officers as to the actual cost of the work, if he did not appeal under the charter. See *Pier v. The City of Fond du Lac*, 38 Wis., 470.

It follows from these views that the order of the circuit court overruling the demurrer must be affirmed.

*By the Court.*— Order affirmed.