Liebermann vs. The City of Milwaukee and others.

LIEBERMANN, Executrix, Appellant, vs. THE CITY OF MIL-
WAUKEE and others, Respondents.

*January 8 — February 5, 1895.*

*Municipal corporations: Street improvements: Change of grade: Special
assessment: Milwaukee charter construed: Remedy, when assessment
void.*

1. Under secs. 7, 8, subch. 7, of the Milwaukee charter (Laws of 1874,
ch. 184), in a case where the established grade is altered in improv-
ing a street, it is essential to the validity of the assessment against
a lot for such improvement that it shall show upon its face that
the provisions of law for the benefit of the lot owner have been
observed, and that the board of public works has considered and
passed upon, not only the question of benefits and injuries re-
sulting from the improvement, but also the question of damages,
costs, and charges by way of compensation for the alteration of
grade.
2. If defects in the assessment in these particulars affect its substan-
tial justice, it is not aided by sec. 35, subch. 18, of the charter,
making certain directions for the assessing of land and levying
and collecting of taxes and assessments directory only.
3. Where the assessment in such a case is void, the lot owner need not
appeal therefrom, as provided in secs. 11, 12, subch. 7, of the char-
ter, but may proceed in equity to set aside a tax sale and certifi-
cate based thereon.

APPEAL from a judgment of the superior court of Mil-
waukee county: R. N. AUSTIN, Judge. *Reversed.*

Action to set aside sale of lots 12 and 13, block 83, in the
Fourth ward of the city of *Milwaukee,* for an assessment
thereon, and the certificate issued upon such sale. The com-
plaint states, in substance: That the lots abut on Fowler
street, between Fourth and Fifth streets, and lie immedi-
ately west of the north and south alley in block 83, in the
Fourth ward. That the grade of said street was established
by ordinance April 14, 1853, and that in the fall of the year

1863, said Fowler street, between Fourth and Fifth streets, was, pursuant to resolution of the common council, graded to such established grade, the roadway thereof graveled, and the sidewalks thereon planked, and the gutters paved, and the cost thereof assessed against lots abutting on said street, and the amount thereof then paid by the then owners of the lots, from whom, by mesne conveyances, said lots were conveyed to the plaintiff. That on the 9th of February, 1891, the common council passed an ordinance changing and lowering the grade of Fowler street, and that on the 20th of April, 1891, a petition was presented to the common council, praying that said Fowler street be improved from Fourth to Sixth streets by grading and paving the roadway, and curbing with stone, and making and paving the gutters thereof, which petition was referred to the board of public works. That the said board recommended said work to be done, as prayed by said petition, and on the 15th of June, 1891, the common council passed a resolution, approved by the mayor, authorizing and directing the board of public works to cause said street to be graded to the last-established grade, and paved with granite block pavement, and the curbing and sidewalks with stone. Pursuant to the charter and the direction of the common council, an estimate of the work and cost of so grading and paving said street was made and delivered to the board of public works, by which it was estimated the cost of doing such work in front of lot 12 would be $319.07, and in front of lot 13, $328.67. That by the said change of grade of 1891 each of said lots was left above said last-established grade, and each of them was greatly injured and rendered less valuable by the lowering of the grade of said street in pursuance of said ordinance and resolution. That the only assessment of benefits and damages made by said board of public works, before making contracts and ordering the work of grading said

street to said last-established grade, and doing the other
work provided for, is the following, namely:

"Office of the Board of Public Works,

"MILWAUKEE, July 3d, 1891.

"The following is a schedule of lots, parts of lots, and'
parcels of land fronting on Fowler street, from Fourth street
to Sixth street, in the Fourth ward of the city of *Milwaukee;*
and set opposite each lot, part of lot, or parcel of land is the
amount of benefits or damages, or both, which such lot, part
of lot, or parcel of land will derive by the change or altera-
tion of the grade of said street from the grade heretofore
permanently established by ordinance, and to which estab-
lished grade the said street had been actually graded be-
fore the ordinance changing the grade of said street, passed
February 9, 1891, had been passed, and by the grading and
paving with granite block pavement of the roadway and
gutters, and the curbing of the sidewalks with stone on said
street, to the newly established grade, in accordance with
the estimate of the city engineer, filed in this office." [Signed
by commissioners of public works.]

| Description of Property | Lot. | Block. | Benefits. | Damages. | Excess of Benefits. | Excess of Damages. |
|---|---|---|---|---|---|---|
| South ¾ ...... | 14 | 82 | $252 00 | None. | $252 00 | . . . . |
| . . . | 12 | 83 | 400 00 | " | 400 00 | . . . . |
| | 13 | 83 | 400 00 | " | 400 00 | |
| . . . | . | . | . . . | . . . | . . . | . . . . |

It was alleged that the board of public works did not in-
dorse said decision and assessment upon the estimate of said
cost of said improvements so made and filed in their office
as aforesaid, and that except as aforesaid the said board
never made any assessment of the damages, costs, and
charges, including the cost of such improvement, arising

Liebermann vs. The City of Milwaukee and others.

from such alteration of grade, to the owners of the several lots, parcels of land, or tenements affected or injured in consequence thereof.

The complaint further alleges the advertising and letting of the work; that November 20, 1891, the board of public works, pursuant to the contracts, issued and delivered certificates against said lots for said work,— against lot 12 to the amount of $280.83, and against lot 13 to the amount of $289.08; and that on the 2d day of February, 1892, at the annual tax sale of lands to pay delinquent taxes for the year 1891, the city treasurer sold an undivided one-quarter part of said lots to pay the amount of said certificates, and issued a certificate of sale therefor, in the usual form, to *Simon Heller*, one of the defendants, the purchaser thereof; who thereafter assigned the same to the defendant *Viet*, who still owns the same, subject to some right of said *Heller* therein. The plaintiff alleges payment of the amount of all state, county, and city taxes that remained unpaid on said lots, with interest and charges, except the said taxes or assessment, and claims that said assessment and sale of said lots, and certificate issued thereon, were and are contrary to law, and constitute a cloud upon the title of the plaintiff; and an injunction was asked, restraining the issuing of a tax deed upon said certificate, and that it be canceled, and for general relief.

The defendants answered, and upon trial before the court it was found (1) that the board of public works indorsed the decision and assessment hereinbefore set forth upon the estimate of the cost of said improvement filed in their office; and (2) that except as aforesaid all the facts set out in the plaintiff's complaint were true; and, as a conclusion of law, that the defendants were entitled to have the complaint dismissed, with costs. From a judgment entered accordingly the plaintiff appealed.

*Frank M. Hoyt*, for the appellant, argued, among other

things, that the assessment fails to comply with the statute either in form or substance. (1) It is defective, in that the commissioners do not state that they have made any assessment whatever of benefits and damages. *Johnson v. Milwaukee*, 40 Wis. 315–325. (2) The assessment is required to be made on *actual view* of the premises. That it was so made should appear on the face of the record. *Johnson v. Milwaukee*, 40 Wis. 315; 2 Desty, Taxation, 894. (3) The board is required to assess against the lots the amount of benefits which they will *severally* derive from such improvement. The word "severally" does not appear in this assessment, and there is nothing to indicate that any *separate* consideration was ever afforded by the commissioners to the different lots fronting on this improvement. (4) By sec. 7, the board are required to "take into consideration in each case any injury which, in the opinion of the board, may result to *each* lot from such improvement." There is nothing in this assessment to show that such injuries were a subject of consideration by the board, unless we construe the heading "Damages" in the schedule to be synonymous with the words "injuries resulting from such improvement,"— in which event there would be nothing left in the assessment covering or relating to the damages required to be assessed by sec. 8. (5) The most serious defect in the assessment is in its failure to comply with the provisions of sec. 8. That section relates to the compensation to be paid to the lot owner for the alteration of a once established grade. It gives the lot owner, under such circumstances, not only the "damages" which his lot individually and particularly will sustain from the change of grade, such as those arising from the lot being left above or below the new grade, thus requiring excavating or filling, raising or lowering of buildings, etc., but in addition it allows to the lot owner "the costs and charges, *including the cost of the improvement.*" The evident theory of the law is, where the street has been once

made to an established grade and paid for by lots abutting on such street, that, in the event of a change of grade, the lot owner shall be given credit in the estimate of benefits and damages not only for any general damages which he may sustain, but *also* for the cost of making the street which he has once paid, and the result of which expenditure will be destroyed by the making of the street to the altered grade. This result is arrived at by providing that in addition to damages he be allowed the *cost of the new improvement*. These words, "costs and charges, including the cost of the improvement," appear nowhere in the assessment. The mere fact that they do not so appear, that is, that it is not shown *affirmatively* that the board considered and the assessment includes those items, is of itself sufficient to render it void. Had the commissioners observed the law, at least the actual cost of the improvement in front of each lot would have appeared as an offset to the $400 charged on the schedule as benefits. It will be seen by reference to the assessment that no offsets of any kind were allowed, but under the column headed "excess of benefits," the same sum is carried out as is assessed against each lot under the head of "benefits." The following authorities are in point: *State v. Jersey City*, 26 N. J. Law, 444–449; *Stebbins v. Kay*, 123 N. Y. 31; *State v. Hudson*, 29 N. J. Law, 104; *Chicago v. Wright*, 32 Ill. 192; *State v. New Brunswick*, 38 N. J. Law, 190–194; 20 Am. & Eng. Ency. of Law, 512, note 1; *People ex rel. Kerber v. Utica*, 7 Abb. N. C. 414. Where as here the assessment is *void* the plaintiff may entirely disregard it and have the tax based thereon set aside by a suit in equity. *Watkins v. Milwaukee*, 52 Wis. 98–102; *Harrison v. Milwaukee*, 49 id. 247; *Mitchell v. Milwaukee*, 18 id. 92; *Dore v. Milwaukee*, 42 id. 108; *Perine v. Forbush*, 97 Cal. 305.

For the respondents there was a brief by *Charles H. Hamilton*, city attorney, and *Howard Van Wyck* and *Charles E. Estabrook*, of counsel, and oral argument by *Mr. Hamilton*

and *Mr. C. H. Van Alstine.* They contended, *inter alia,* that in cases of this kind the remedy by appeal is exclusive, unless the complaint shows that the assessment of damages or benefits by the board of public works was arbitrarily or fraudulently made, or that there was a total lack of authority to do the act complained of. That the assessment in this case was made against the several lots, sufficiently appears from the exhibit attached to the complaint, and the fact that the board of public works actually considered the matter and endorsed their determination on the back of such report is sustained and enforced by the findings of the court. " The presumption is that the officers proceeded regularly and performed their duty, until the contrary is made to appear by competent evidence." *Wright v. Forrestal,* 65 Wis. 341–350; *Kaehler v. Dobberpuhl,* 56 id. 480–486; *Meggett v. Eau Claire,* 81 id. 326, 329. While the complaint charges informalities in a matter of detail, it does not charge that the plaintiff suffered any injury therefrom except the assessment of benefits instead of the allowance of damages, and is thus subject to the infirmity found by the court below *Warner v. Knox,* 50 Wis. 429. The burden of the plaintiff's contention being that this property is damaged instead of benefited by the improvement as found by the board of public works, it is peculiarly appropriate that it should be held that his remedy is by an appeal to a court of law, where a jury trial could be had, rather than in a court of equity. This doctrine meets with indirect sanction in the case of *Gage v. Chicago,* 146 Ill. 499. See, also, *Hoffeld v. Buffalo,* 130 N. Y. 387. The criticism of counsel upon the report of the board of public works for failure to fill out the columns of the report seems to be of insufficient merit to warrant the court in setting aside the assessment, particularly when an inspection of the report clearly indicates the intention of the board. *Beecher v. Detroit,* 92 Mich. 268; *State ex rel. Posey v. Crawford Co.* 39 Wis. 596.

PINNEY, J.   1. The question for determination is whether the assessment on the plaintiff's lots is, upon its face, a valid exercise of the powers conferred by the city charter, in a case where the grade of the street had been duly established and the street actually graded and improved to such grade, and afterwards the grade is changed and the street is ordered to be reconstructed on the latter grade, and whether such assessment, in the form in which it was made, is conclusive upon the question of benefits and damages to the plaintiff's lot.

The charter (Laws of 1874, ch. 184, subch. 7, sec. 7) requires that, before ordering any work to be done by the owners of lots or lands fronting on the street, the board of public works "shall view the premises and consider the amount proposed to be made chargeable against said several lots or pieces of land, and the *benefits* which in their opinion will actually accrue to the owners of the same, in consequence of such improvement," and to assess against the same " the amount of benefits which those lots or pieces will severally, in the opinion of the board, derive " from the improvement, " taking into consideration in each case *any injury* which in the opinion of the board may result to each lot or piece of land from such improvement; and *in case the benefits*, in their opinion, amount to *less* than the cost of the improvement, the balance shall be paid out of the ward fund of the ward or wards in which the improvement is made; and said board shall indorse their decision and assessment in every case on the estimate of the cost of such improvement filed in their office."   This provision, applicable to assessments generally, evidently requires a finding by the board upon the questions of resulting benefits and of consequent injury, the former to be modified by deducting the amount of the injury; and the lot is to be assessed only to the amount of benefits, as thus modified.   To this end, therefore, a finding is essential both on benefits and consequent injury to the lot.

Where, after the grade of a street has been established and it has been improved accordingly at the expense of the lots fronting thereon, the grade is changed and the street, etc., is ordered to be improved on the new grade, it is provided [in sec. 8 of subch. 7] that "the owner of any lot or parcel of land which may be *affected or injured in consequence of such alteration of grade,* shall be entitled *to compensation therefor;*" and it is made the duty of the board of public works, before ordering the work on the changed grade to be done, and "*at the time of making their assessment of benefits,*" as provided in the preceding section, to "consider, *determine and assess* against the lots which they may deem benefited by the proposed improvement, to the amount of such benefits, the damages, costs, and charges — including the cost of such improvement — arising from such *alteration of grade* to the owner of any lot," etc., "which may be *affected or injured* in consequence thereof, taking into consideration in each case any advantages and benefits which may be conferred thereby upon such lot," etc., "in common with other property on the street affected by such grade; and the *excess* of the said damages, costs and expenses *over the benefits* assessed as provided in the preceding section, shall be paid out of the ward funds," etc.; and no *damages, costs, or charges,* arising to a lot owner who signed a petition for such change of grade, in consequence thereof, can be assessed or paid to such owner.

The purpose to be subserved by sec. 8 is to secure to the lot owner, in the case therein mentioned, a proper allowance or award of damages, costs, and charges arising from the change of grade, by way of compensation therefor, and payment thereof, if it exceeds the benefits to his lots, out of the ward fund, although in some respects the phraseology of the section is not entirely clear. If the balance is against him, for benefits, it becomes a proper assessment against his lot. The law proceeds upon the basis that assessments for

such improvements are to be limited to benefits conferred on the property, to be modified and affected by a proper allowance or award of damages, costs, and charges arising from the change of grade, by way of compensation therefor, and the particular provisions of the section must be construed with reference to this manifest purpose. It is plain that there are two assessments provided for in a case like the present, though both may well be combined in the same document. It is essential to the validity of any such assessment that it shall clearly appear upon its face that the provisions of law for the benefit of the lot owner have been observed, and that the board of public works have considered and passed upon, not only the question of benefits and injury, but the question of damages, costs, and charges, by way of compensation for the alteration of grade.

The assessment under consideration is not only ambiguous and uncertain, but there is nothing contained in it which satisfactorily shows that the board of public works considered or made any allowance to the plaintiff for injury to his lots, or for damages, costs, and charges by way of compensation for the improvement already made and rendered useless by the change of grade. The document shows only that there is "set opposite each lot, part of lot, or parcel of land the amount of benefits *or damages, or both,* which such lots," etc., "will derive by the change or alteration of grade, . . . *and by the grading and paving with granite,*" etc., "to the newly established grade." The schedule subjoined contains no figures whatever, save as to benefits and excess of benefits, and those as to benefits and excess of benefits, in the case of each of the fifteen lots described in it, are stated at the same sum. It is true that there is a column headed "Damages," and under it, opposite the first-described lot, is written "None," with ditto marks under it as to each of the others; but there is no tabulation or statement referring in any manner to an award of dam-

ages, costs, and charges, by way of compensation for the former improvement or alteration of grade, or otherwise. Besides, it is extremely doubtful, in view of the ambiguous and uncertain character of the document, whether the board of public works considered the question of damages at all.

This assessment is in no proper sense a legal response to the questions which the board were required to determine, and, like the one under consideration in *Johnson v. Milwaukee*, 40 Wis. 325, "is open to the grave suspicion that it was an evasion of the statute under which it was made." When we consider the extraordinary powers conferred upon local boards in making such assessments upon the property of the lot owner, and the great liability to abuse and to consequent oppression in their exercise, we are impressed with the necessity that a strict compliance with the law on all points affecting the substantial justice of the assessment is an essential condition to a valid assessment, and that the assessment must show upon its face that the board has considered and passed upon all questions made material by the statute, and the results at which they have arrived. That which the law regards as of the substance of the proceeding, we cannot treat as immateral, nor can presumptions supply its place. *Johnson v. Milwaukee*, 40 Wis. 315. The authorities upon this subject are quite uniform and conclusive. *Merritt v. Portchester*, 71 N. Y. 311; *Stebbins v. Kay*, 123 N. Y. 35; *Chicago v. Wright*, 32 Ill. 192; *State v. Hudson*, 29 N. J. Law, 105; *State v. Jersey City*, 26 N. J. Law, 449; *New Brunswick Rubber Co. v. Commissioners*, 38 N. J. Law. 190. We must therefore hold that the assessment in question is void on its face, for a failure to show affirmatively that it was made in conformity with the authority conferred upon the board of public works by the provisions in the charter referred to.

2. As the assessment is void, it cannot be maintained that the only remedy of the plaintiff was by appeal from the

assessment to the circuit court, as provided in secs. 11, 12, ch. 7, of the city charter (Laws 1874, pp. 365, 366). *Watkins v. Milwaukee,* 52 Wis. 98, 102; *Harrison v. Milwaukee,* 49 Wis. 247; *Dore v. Milwaukee,* 42 Wis. 108. The void assessment could not conclude the plaintiff, and the finding that the lots were greatly injured and rendered less valuable by the change of grade establishes a manifest and plain ground of equitable jurisdiction to set aside the sale of the plaintiff's lots and cancel the tax certificate issued thereon. The defects pointed out affect the substantial justice of the assessment, and it cannot be aided by the provision in sec. 35, subch. 18, ch. 184, Laws of 1874 (p. 427), making certain directions for the assessing of land and levying and collecting of taxes and assessments directory only.

It follows from these views that the judgment of the superior court is erroneous and must be reversed.

*By the Court.*— The judgment of the superior court is reversed, and the cause remanded with directions to render judgment in favor of the plaintiff for the relief demanded in the complaint.