SPENCE and another, Respondents, vs. CITY OF MILWAUKEE and another, imp., Appellants.

*September 9—September 24, 1907.*

*Municipal corporations: Void special assessment: Failure to object or ask modification: Estoppel: Remedy in equity: Injunction.*

Where a special assessment for street improvement in Milwaukee is void because made arbitrarily and without authority the lotowner may maintain an action in equity to set aside such assessment and restrain the sale of his land for payment thereof, and is not limited to the remedy by appeal from confirmation of the assessment by the common council, provided for in secs. 11, 12, subch. VII, of the city charter, even though he did not avail himself of the opportunity, given to him pursuant to sec. 9 of that chapter, to appear before the board of public works or the common council and object to the assessment or ask that it be modified or corrected.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was commenced about February 18, 1907, to set aside an assessment of the benefits and damages and to nullify the assessment certificates issued thereunder, and to enjoin the defendants from selling the lands of the plaintiffs for the payment of such assessments. Upon the verified complaint the court commissioner on the day named granted an order to show cause on February 23, 1907, why such injunction should not be granted, and in the meantime and until the further order of the court granted a preliminary injunction. In response to such order to show cause the defendants claimed and made it appear that due notice of such assessment by publication had been given to inspect, modify, correct, or revise said assessment, but that the plaintiffs had failed to avail themselves of the remedy given by the charter to inspect the assessment or to appear before the board of public works or the common council and object to the same, or to give evidence to correct or modify said assessment, and that the plaintiffs had failed to appeal within twenty days after the confirmation by the common council of the assessment pursuant to the charter, and that the plaintiffs were estopped from making objection to such assessment by reason of such failures. Upon the hearing of such application it was on May 15, 1907, ordered by the court that the defendants be and they were thereby enjoined and restrained until the determination of the suit from selling the lands of the plaintiffs therein described and from issuing any certificate of sale thereon, and, until the final determination of the suit, from making any transfer or assignment of said special assessment certificates or any of them described in the complaint as having been issued to them by the board of public works, with costs of motion. From that order the defendants appeal.

For the appellants there was a brief by *John T. Kelly,* city

attorney, and *Clinton G. Price,* assistant city attorney, of counsel, and oral argument by *Mr. Price.*

*Charles H. Hamilton,* for the respondents.

CASSODAY, C. J.   The only question involved in this appeal is whether the trial court improperly refused to dissolve the preliminary injunction granted by the court commissioner and continued such injunction.   The defendants contend that, since it was made to appear that due notice of the assessment by publication had been given to inspect, modify, correct, or revise said assessment, the only remedy of the plaintiffs for the matters complained of was to have such assessment reviewed and corrected by the board of public works, as prescribed in the charter.   Sec. 9, subch. VII, Milwaukee Charter.   Undoubtedly such board is required by that section to hear objections and evidence, and has power to review, modify, and correct such assessment in such manner as it may deem just; and, upon such corrected and completed assessment being properly presented to the common council, that body is authorized to "confirm or correct said assessments, or any of them, or may refer the same back to the board of public works for revision and correction; and the said common council and the said board of public works" are thereby given "like powers" and charged with "like duties in relation to such assessment and any subsequent assessment made pursuant to such reference by the common council."   The charter also provides that "the owner of any lot, or tract of land, or tenement, who feels himself aggrieved by such assessment, as confirmed by the common council, . . . . may, within twenty days after such confirmation by the common council, appeal therefrom to the circuit court."   Sec. 11, subch. VII, p. 159.   It appears that the plaintiffs did not appear before the board of public works, and of course offered no evidence and made no objection nor did they appear before the common council, and they have taken no appeal

from the confirmation of such assessment by the common council. Such being the facts, it is claimed that by another section of the charter the plaintiffs are precluded from maintaining this action, and hence that the injunction was improperly granted and improperly continued. The section referred to declares:

"The appeal given by the last preceding section, from the assessment of the board of public works, as confirmed by the common council, to the said circuit court, shall be the only remedy for the recovery of any damages, costs and charges arising from any alteration of grade by the said city, or sustained by reason of any proceedings or acts of the said city or its officers, in the matter to which such assessment of damages or benefits relates; and no *action at law* shall be maintained for such damages or injuries, whether arising from an alteration of grade or otherwise." Sec. 12, subch. VII, p. 160.

The language of the section gives some plausibility to the contention; but it will be observed that this is not an "action at law" for the recovery of damages or for injuries, nor is it a "remedy for the recovery of any damages, costs and charges arising from any alteration of grade," or otherwise. It is an action in equity to have an assessment set aside and declared null and void and to restrain the sale of the property and the transfer of the assessment certificates. In such an action, and in construing those sections of the charter, this court, following former decisions, has quite recently held:

"Where the assessment in such a case is void, the lotowner need not appeal therefrom as provided in secs. 11 and 12, subch. VII, of the charter, but may proceed *in equity* to set aside a tax sale and certificate based thereon." *Liebermann v. Milwaukee*, 89 Wis. 336, 346, 347, 61 N. W. 1112.

So in a more recent case it has been held:

"Where an assessment for street improvements is arbitrary and fraudulent, the remedy by appeal to the circuit court provided by sec. 11, subch. VII, of said charter, *is not*

*exclusive,* but the person aggrieved may resort to a *court of equity." Kersten v. Milwaukee,* 106 Wis. 200, 206, 41 N. W. 948, 1103.

The only remaining question for determination is whether the injunction was properly granted and continued upon the showing made. It is alleged in the verified complaint and undisputed that the board of public works did not make the assessment until six days after having viewed the premises; that they did not consider the benefits which would accrue to the owners thereof in consequence of such improvement; that they did not assess against the several lots or pieces of land which they might deem benefited by the proposed improvement the amount of such benefits when completed, but substituted therefor a rule of their own in making such assessment instead of the charter rule, and upon the theory that abutting property was assessable for benefits whether any in fact were received or not, and not according to the then present value of the various lots, but their possible value in the future, and knowingly made an unjust and unequal assessment far in excess of any then present possible benefit to the property of the plaintiffs or any enhancement of the value thereof; that in no case did they take into consideration any injury which might result to each or any lot or piece of land by reason of such improvement, although well knowing that the same was in fact a detriment to some of such property; and that by reason of the facts alleged the assessment was arbitrary and void and of no effect. The complaint is quite lengthy and goes into details, but enough has been said in the above summary to show that the assessment was not made in the manner prescribed by the charter, but was arbitrarily made without authority and was void. In such a case, as indicated in the adjudications cited and many others which might be cited, the lotowner has a remedy in equity by injunction.

*By the Court.*—The order of the circuit court is affirmed.