NEWTON, Respondent, vs. CITY OF SUPERIOR and others, Appellants.

THOMAS, Respondent, vs. SAME, Appellants.

LAND AND RIVER COMPANY, Respondent, vs. SAME, Appellants.

*February 6—June 1, 1911.*

*Municipal corporations: Street paving: Special assessments: Determination by council: Notice: Insufficient publication: Illegality: Remedy by appeal exclusive: Constitutional law: Change in remedies: Vested rights: Obligation of contracts: Reasonable time for taking appeal: Injunction: Appeal: Matters reviewable.*

1. Publication once only of the notice of the final determination of the common council as to a special assessment for street paving, instead of publication once in each week for two successive weeks as required by subd. 9, sec. 959—30*f*, Stats. (Laws of 1909, ch. 539), does not affect the jurisdiction of the council to make the improvement and assess the benefits and damages as authorized by law.

2. The appeal from the final determination of the common council, provided for in sec. 959—30*g*, Stats. (Laws of 1909, ch. 539), is the exclusive remedy for all grievances of a property owner arising out of the proceedings taken by the council and respecting its compliance with all statutory requirements, both in the making of the improvement and in assessing the benefits and damages.

3. Upon such appeal the court may investigate, not merely the question whether the proper amount of benefits was assessed, but all the proceedings actually taken, and may ascertain whether or not there were fatal omissions in the course of such proceedings, and may award such relief as the actual state of the proceedings demands. *Hayes v. Douglas Co.* 92 Wis. 429, so far as it conflicts herewith, overruled.

4. Said sec. 959—30*g* is purely a remedial statute. Its provisions are in no way related to and do not deal with vested property rights acquired under the construction given to the statute involved in *Hayes v. Douglas Co.;* nor does it in any sense impair contract obligations.

5. The time allowed to perfect such an appeal—twenty days from the first publication of notice of the final determination by the council—it not so unreasonably short as to invalidate the law.

6. The remedy by appeal being exclusive, an action in equity will

not lie in favor of a lotowner to set aside the assessment and restrain the issuance of improvement certificates, on the ground that the council failed to deduct. (pursuant to sec. 959—35, Stats.: Laws of 1909, ch. 329) from the amount assessed against his lot the sums theretofore paid as assessments for street pavements in front thereof.

7. Where appeals were taken from the determination of the council in the matter of street-paving assessments, and at the same time independent actions in equity were commenced to set aside such assessments and restrain the issuance of improvement certificates, and all were tried together without consolidation, but no judgments were entered in the appeal actions, the supreme court cannot, on appeal from the judgments in the equitable actions, review the appeal actions or determine the merits thereof, even though both parties request it.

BARNES, J., and WINSLOW, C. J., dissent.

APPEALS from judgments of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

In 1891 part of Hughitt avenue in the city of *Superior* was graded and in the succeeding year was paved with cedar block pavement upon a plank foundation and otherwise improved. The expense of these improvements was assessed against and paid for by the abutting and adjacent property. In 1910 it was repaved with creosote blocks on a concrete foundation and otherwise improved. The contract for this work was duly awarded, the board of public works, under direction of the common council, made a preliminary assessment, and the common council after notice confirmed the final assessment made by the board of public works upon notice and hearing. The respondents are owners of property abutting on Hughitt avenue. Pursuant to subd. 9, sec. 959—30f, Stats. (Laws of 1909, ch. 539), notice of the final determination of the matter was published on May 19, 1910, for the one week, and not for two successive weeks as required by the statute. After publication of such notice the plaintiffs in each of the cases here involved appealed to the circuit court for Douglas county from such final determination. Actions in equity were also commenced to set aside the assessment upon the ground that since the plaintiffs' lands had paid a special assessment for the pav-

ing of the street in question in 1892 the city had erroneously assessed the plaintiffs' property for this improvement. The actions by stipulation were transferred to the superior court of Douglas county.

The court found that during 1892 the plaintiffs *Newton* and *Thomas* had each paid an assessment of $1.79 per square yard for the cedar block pavement directly in front of and abutting on the lots of these plaintiffs, and that the *Land and River Company* at that time had paid in excess of $2 per square yard for the cedar block pavement in front of and abutting its property. The equity cases and the appeal cases were heard together and the court concluded that it possessed jurisdiction in the equity cases and entered judgment therein absolutely restraining the making of any assessment against the *Land and River Company* and the issuance of improvement certificates for the pavement of 1910, and allowing an assessment against the other plaintiffs of the difference between $1.79 and $2 per square yard as the assessment to be paid by the other plaintiffs for the creosoted block pavement laid in front of and abutting the lots of these plaintiffs in 1910, and enjoining the city from issuing any improvement certificates on such lots. No judgments were entered in the appeals from the final determination of the common council. The city appeals from the judgments so entered in the equity cases.

*R. I. Tipton* and *T. L. McIntosh,* for the appellants.

For the respondent *Newton* there was a brief by *Hanitch & Hartley,* and oral argument by *Louis Hanitch.*

For the respondent *Land and River Company* there was a brief by *Luse, Powell & Luse,* and oral argument by *C. Z. Luse.*

The following opinions were filed February 21, 1911:

Siebecker, J.   The appellants insist that the court had no jurisdiction to entertain the equity action for the reason that ch. 539, Laws of 1909 (sec. 959—30g, Stats.), provides the

only remedy available to the plaintiffs for the relief sought in these equity actions.    This section provides:

"Sec. 959—30g.   If the owner of any parcel of land affected by such determination of the council feels himself aggrieved thereby, he may within twenty days after the date of the first publication of such notice of final determination appeal therefrom to the circuit court, and such appeal shall be taken, tried, and determined, and bonds for costs shall be given and costs awarded in like manner as in case of appeals from the disallowance of claims under chapter 40a, R. S. 1898, provided that said appeal shall not affect said contract, but certificates or improvement bonds, as the case may be, against the land in question, for the amount of benefits assessed to such land, shall be issued notwithstanding such appeal; and in case the appellant shall succeed, the difference between the amount charged in the certificates or bonds so issued and the amount adjudged to be paid as benefits accruing to the parcel of real estate described in such certificates or bonds shall be paid by the city at large or out of the ward funds, as the council may direct.   *The appeal aforesaid shall be the only remedy of the owner of any parcel of land, or of any person interested therein, affected by said improvement, for the redress of any grievance he may have by reason of the making of such improvement, or of the change of any established grade covered by said report.*"    (Italics ours.)

These actions are brought to restrain the city and its officers from issuing improvement certificates for the cost of the new improvement assessed against the property of the plaintiffs abutting on the improved avenue, upon the ground that the city erroneously failed to deduct from the cost of this improvement apportionable to plaintiffs' property the amounts assessed against these lots to pay the cost of the pavement made in 1892.    There is no controversy but that the new improvement was made pursuant to the provisions authorizing it up to and including the final determination of the common council of the amounts to be paid by the several parcels of real estate benefited, but the city clerk published only one notice of such final determination of the common council in the official paper, instead of one each week for two successive weeks.

This omission in the proceedings does not affect the jurisdiction of the council to make the improvement and to assess the costs thereof as authorized, and hence this question need not be considered in these equity actions.    The alleged injuries complained of are that the council erroneously failed to deduct from the amounts apportioned and assessed against the lots of the plaintiffs as the cost of the improvements the sums paid by the owners of such lots as assessments for the cost of the improvements made in 1892.    It is averred that the city is required to make such deduction pursuant to sec. 959—35, Stats. (Laws of 1909, ch. 329), under which no property fronting on a street or avenue is exempt from assessments for the cost of such improvements until it shall have paid in assessments in the aggregate the sum of $2 per square yard.    It is also alleged that the city officers threatened to proceed to issue street improvement certificates for such excessive amounts against the lots of the plaintiffs and thus would injure plaintiffs by creating a cloud upon their titles to such lots.    The question is, Does the appeal awarded by sec. 959—30g, Stats. (Laws of 1909, ch. 539), afford the plaintiffs all the relief they are entitled to for these alleged injuries?    The provisions of this section were originally substantially embodied in ch. 326, Laws of 1889, and were re-enacted in secs. 925—184 and 925—185, Stats. (1898).    They were also incorporated in the charter of the city of *Superior* as amended in 1891, and were considered and interpreted by this court in the case of *Hayes v. Douglas Co.* 92 Wis. 429, 447, 65 N. W. 482.    It was there stated, in speaking of this statute:

"It is obvious that upon this appeal only the proper amount of benefits to the particular lot can be investigated.    No remedy appropriate to any other wrong is given.    It furnishes no remedy by which to avoid an unequal and void assessment. Clearly, the appeal is no adequate remedy for the lotowner in this case; and it will not be presumed that the legislature intended the appeal given to be the exclusive remedy, except as to matters which can be redressed upon the appeal."

The tax assailed in that case was held void upon various grounds which need not now be stated in detail. Is the limitation so placed upon this statute permitting an appeal from the assessment to be applied, as there declared, to the enactment of ch. 539, Laws of 1909 (sec. 959—30g, Stats.)? As stated above, the context of the act considered in the *Hayes Case* is substantially the same as of this act. Since the legislature has recently re-enacted it as the general law of the state, we deem it appropriate to re-examine the provisions of the act and to determine whether the construction given the act as it was contained in the charter of the city of *Superior* should be followed. Is there anything in this section (sec. 959—30g, Stats.) to show that the restriction so given the provision by this court should be modified? A study of the context of the new section has led us to the conclusion that the legislature intended that the remedy provided by it should include relief for all grievances of the property owner arising out of the proceedings taken by the common council and respecting its compliance with the steps required to be taken by the city authorities in the proceedings for making such improvements and assessing the proper proportions of the cost thereof to the property liable therefor. On such appeal the parties should not be restricted to an investigation of the question of whether or not the proper amount of benefits has been assessed against the lots, as was held in the *Hayes Case.* From the various provisions of the act it appears to us that the legislature intended to provide that on such appeal the court should have the right to investigate the proceedings actually taken and to ascertain whether or not there were fatal omissions in the course of the proceedings taken by the municipal authorities in making the improvements, and to award such relief as the actual state of the proceedings demanded to protect the appellants from any wrongful invasion of their rights flowing from a failure to comply with the statutes. We can perceive no reason why parties seeking relief from errors in the proceedings should not be required to seek it after the

final determination of the council by an appeal in the pro-
ceeding. The procedure affords a speedy, ample, and effect-
ive remedy to prevent injury from any errors committed by
the council in authorizing the improvement and assessment,
and it will enable the court to investigate complaints against
the course pursued by the council in authorizing such a pub-
lic improvement and thus prevent the inconvenience and large
expense incident to the institution of actions by the lotown-
ers. This law, furthermore, specifically declares that "said
appeal shall not affect said contract, but certificates or im-
provement bonds, as the case may be, against the land in ques-
tion, for the amount of benefits assessed to such land, shall be
issued notwithstanding such appeal," and directs payment
from city funds of any difference between such a certificate
and the amount found due on such appeal. This provision
clearly is a legislative declaration that the issuance of an im-
provement certificate for the cost of such improvements shall
not be prohibited. The reason therefor is apparent. Under
the scheme of improvement provided, the contractor is de-
pendent for his payment on the benefits assessed. Any prohi-
bition on the issuance of certificates is likely to result in frus-
trating the efforts of a city to secure responsible and reliable
bidders at reasonable prices for making such improvements.
These provisions of the law secure to the contractor his pay
and place on the city the consequences of mistakes and de-
faults in making the improvements and collecting the costs
thereof. It seems to us obvious from the context that it was
intended that the remedy by injunction, prohibiting the is-
suance of such certificates in cases where an appeal lies under
the act, should be denied to lotowners, and that the formerly
existing equitable remedy for such a complaint should be
abridged to that extent. Applying the provisions of this act
to the instant case, we find that the relief sought by the plaint-
iffs is remediable on appeal from the final determination of
the council fixing the amount to be paid by the real estate as-

the benefits on account of this improvement.    Since, as here-
tofore indicated, these actions are brought to discharge real
estate from the assessments against it, or to reduce the assess-
ments by deducting the amounts formerly assessed and paid
thereon for pavements, and to restrain the issuance of im-
provement certificates, they should not be entertained, and the
parties should be required to seek redress for both the alleged
and threatened wrongs by appeals from the final determina-
tion of the council, the only remedy available to them.

No judgments were entered in the appeal actions, nor were
they consolidated with the equitable actions so as to require
but one judgment in all the actions before the court.    Under
such a state of the record the actions on appeal from the coun-
cil determination cannot be reviewed in this court, nor can the
merits thereof be determined on this appeal, though the par-
ties requested a final determination thereof on this hearing.
Any attempt to accomplish this result would be ineffectual be-
fore judgment is entered in the appeal actions in the lower
court.

*By the Court.*—The judgments entered in the equity ac-
tions must be reversed, and the causes be remanded to the
trial court with directions to enter judgments of dismissal.

BARNES, J. (*dissenting*).    The case of *Hayes v. Douglas
Co.* 92 Wis. 429, 65 N. W. 482, involved the same statute that
is involved in the case before us, and is expressly overruled
by the majority opinion.    The cases of *Watkins v. Milwau-
kee,* 52 Wis. 98, 8 N. W. 823; *Liebermann v. Milwaukee,* 89
Wis. 336, 61 N. W. 1112; *Kersten v. Milwaukee,* 106 Wis.
200, 81 N. W. 948; and *Spence v. Milwaukee,* 132 Wis. 669,
113 N. W. 38, are likewise overruled.    When the foregoing
cases were decided, secs. 11 and 12 of subch. VII of ch. 184,
Laws of 1874, being the charter of the city of Milwaukee,
were in effect.    Sec. 11 provided for a remedy by appeal, and
sec. 12 made such remedy exclusive.    I think, in substance

and effect, the case of *Harrison v. Milwaukee,* 49 Wis. 247, 5 N. W. 326, is also overruled.    This case involved an assessment for benefits accruing from the extension of a waterworks system, and the provision pertaining to this improvement (sec. 19, subch. X, ch. 184, Laws of 1874) provided for a remedy by appeal, but did not make it exclusive.    If, however, the remedy provided was adequate, it was exclusive in the absence of an express declaration to that effect.    *Meyer v. Garthwaite,* 92 Wis. 571, 66 N. W. 704; *Burnham v. Norton,* 100 Wis. 8, 75 N. W. 304; *Goyke v. State,* 136 Wis. 557, 117 N. W. 1027, 1126; *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 115 N. W. 115; *Washington Co. v. Schrupp,* 139 Wis. 219, 120 N. W. 856; *Potter v. Frohbach,* 133 Wis. 1, 112 N. W. 1087.

The real principle underlying the decision in *Hayes v. Douglas Co.,* the numerous Milwaukee special assessment cases cited, and *Stange Co. v. Merrill,* is that the statutory remedy was not exclusive because it did not furnish a full measure of relief.    The party complaining had a right to resort to equity to prevent a threatened cloud being placed on his title, and if the cloud had attached before suit was begun, then resort might be had to equity to remove it.    The main purpose of the appeal statutes referred to probably was to prevent the granting of injunctive relief, although it is by no means certain that they do so.

If on an appeal all rights and remedies can be asserted by the property owner that he could obtain in an equitable action, then it is wholly immaterial to the municipality whether the proceeding is by appeal or in equity; in fact the former may operate to its disadvantage.    In an equity case the court has discretion to deny costs, while it must award them on the appeal.    If the remedy by appeal is inadequate, that is a good reason for holding that it is not exclusive.    If it is adequate, nothing is gained by overruling the decisions referred to. The decision can have little practical effect except as to pend-

ing cases.  Attorneys and litigants had a right to rely on an established rule of practice, and it seems to me it was wholly useless to indulge in any such a wanton slaughter of cases to accomplish nothing.  I desire to further suggest that in my judgment the decision in the present case is not in harmony with that in *Northern Pac. R. Co. v. Douglas Co.* 145 Wis. 288, 130 N. W. 246, which involved the same statutes that are here involved.  An artistic distinction is drawn between the cases, but it seems to me to be a distinction without a difference.  In the *Northern Pacific Case* the city officers erred in making a special assessment against property for a street improvement which they considered adjacent to the property, but which this court holds was not "adjacent" within the meaning of the law.  In the cases we are considering the city officers erred in making an assessment against property that was abutting and adjacent, but which was exempt from assessment by reason of having already contributed all the law permitted to be assessed for such purposes.  It is said that the *Northern Pacific Case* does not fall under the appeal statute because the land "was not affected by the improvement." It seems to me that, where a large amount of tax is levied against a lot for repairing a street, such lot is decidedly affected by the improvement.  If it were thought that the words quoted pertained to enhancement of value because of the improvement, still the appeal would lie.  The court found on sufficient evidence that the value of the lot was enhanced to the amount of the assessment, and it follows that the lot must have been *"affected"* by it.  Making two classes of cases, in one of which property owners must seek relief against special assessments by appeal and in the other by an action in equity, is liable to lead to undesirable confusion.  I think the former decisions of the court should be adhered to.

WINSLOW, C. J.  I concur in the views of Mr. Justice BARNES.

The respondents moved for a rehearing.    The following opinion was filed June 1, 1911:

SIEBECKER, J.    Respondents in their motion for a rehearing strenuously assert that the decision of the court denying the right to equitable relief is predicated on a construction of sec. 959—30g, Stats. (Laws of 1909, ch. 539), which is in conflict with the decision in *Pier v. Fond du Lac,* 38 Wis. 470, and with the decision in *Hayes v. Douglas Co.* 92·Wis. 429, 65 N. W. 482, wherein it is claimed like statutory remedies of appeal from special assessment proceedings were provided, and with *Johnson v. Milwaukee,* 40 Wis. 315, and with subsequent cases construing secs. 11 and 12 of ch. VII of the Milwaukee city charter, which sections provide for appeals from the determination of the common council in assessing benefits and damages for street improvements and changes of street grades.    The Milwaukee charter provisions provide that the owner of lands, who feels himself aggrieved "as to the amount of benefits . . . adjudged to accrue to him by reason of any improvements charged against his lot or parcel of land, or the amount of damages, costs and charges, arising to such owner from an alteration of grade, may, . . . within twenty days after such confirmation by the common ·council, appeal therefrom to the circuit court," and the appeal thus given "shall be the only remedy for the recovery of any ·damages, costs and charges" arising from or sustained by reason of such alteration of grade or by reason of any proceedings relating to the assessment of benefits or damages.    The charter provision involved in the *Pier Case* gave an appeal to a lot-owner "as to the amount of the benefits . . . adjudged to accrue to him by reason of any improvements charged against his lot or parcel of land."    The language of sec. 959—30g gives an appeal in such improvement proceedings to owners of land affected, and provides that "the appeal . . . shall be the only remedy of the owner of any parcel of land, or of any person

interested therein, affected by said improvement, for the re-dress of any grievance he may have by reason of the mak-ing of such improvement, or of the change of any estab-lished grade. . . ." A comparison of the contexts of the last statute and those of the Milwaukee and Fond du Lac charters shows a manifest difference in their scope and significance. The relief on appeal under sec. 959—30$g$ is for all grievances of the appellant arising by reason of making the improvement or change of established grade, while the charter provisions award relief only for the recovery of any damages, costs, and charges arising in such proceeding by the city. To us it appears clear and obvious that the two classes of provisions differ widely in the scope of the relief on appeal, and hence of necessity produce widely different results with refer-ence to supplanting other forms of legal relief which are ap-plicable to grievances arising out of such city improvement proceedings. An examination of the cases construing the charter provisions of these cities shows that the equitable rem-edies awarded were for grievances other than "for the recov-ery of any damages, costs and charges" or "the amount of benefits . . . adjudged to accrue" to the lotowners. This shows the basis for the decisions and is to the effect that the contexts of these charter provisions do not provide for an ex-clusive remedy to a lotowner for relief against all grievances arising out of the proceedings by the cities in making such improvements, and hence appropriate equitable actions were held to subsist and were available for wrongs suffered by lot-owners under the facts and circumstances before the court. We deem this difference in the provisions a sufficient ground for holding that the adjudications pertaining to those city char-ter provisions are not applicable nor controlling in the con-struction of sec. 959—30$g$, here involved. In *Hayes v. Doug-las Co.* 92 Wis. 429, 447, 65 N. W. 482, however, the statute awarding an appeal did provide that such "appeal shall be the only remedy of the owner of any parcel of land . . . for the

redress of any grievance he may have by reason of the making of such improvements, or by reason of the change of any established grade." In the former opinion we adverted to the fact that the court in that case construed this statute to mean that on appeal in the proceeding "only the proper amount of benefits to the particular lot can be investigated" and that "no remedy appropriate to any other wrong is given," and the court cited *Pier v. Fond du Lac, supra,* to sustain such construction. As heretofore stated, the relief awarded on appeal by the charter provision involved in the *Pier Case* is much more restricted in its scope and application than that granted in the instant case and the *Hayes Case.* Upon re-examination of the construction we are led to the conclusion that the court unjustifiably followed the *Pier Case* and are confirmed in our opinion that the court unwarrantably restricted the application of that statute in the decision, and we cannot accept it as a correct interpretation thereof; and we are persuaded that the legislature intended that the statute now before us should not be so restricted.

It is strenuously contended that the respondents have the right to have the new statute given, in effect, the same construction as in the *Hayes Case,* so as to provide for them the same remedies for the protection of their property rights. This claim is not sustained. The provisions of sec. 959—30*g* are in no way related to and do not deal with vested property interests and rights acquired under the construction of the former statute; nor does it in any sense impair contract obligations. *Carstens v. Fond du Lac,* 137 Wis. 465, 119 N. W. 117. It is purely a remedial statute. Whatever pertains merely to a remedy in the law may be altered at the will of the state, if an adequate one exists to enforce relief for the invasion of a right. See cases collected in *Oshkosh W. W. Co. v. Oshkosh,* 109 Wis. 208, 85 N. W. 376. As we declared in the former decision and view this statute, the appeal provided furnishes an adequate remedy for the redress of the grievances complained of in this case.

It is also contended that since the court in the *Hayes Case* held a forty-day limitation an unreasonably short one for instituting proceedings to contest the validity of special assessments for street improvements and therefore declared the statute void, then, certainly, the time allowed to perfect an appeal within twenty days after the date of the first publication of notice that final determination by the common council has been made as to the damages and benefits involved in the proceeding is also unreasonably short. The question of the sufficiency of the notice to property owners in tax proceedings was fully considered in *Hennessy v. Douglas Co.* 99 Wis. 129, 74 N. W. 983, an analogous case, and it was there considered and held that the general notices in such tax proceeding for the various steps thereof and the opportunity given property owners to protect their rights in the course of the conduct of such proceedings afford them due opportunity and legal notice to protect their rights and constitute due process of law in the enforcement of the tax laws.

The contention of the respondent *Land and River Company,* that it had no notice of the assessment and the publication of the notice of final determination of the benefits and damages that would accrue to and be assessed to the real estate, is not well taken in the light of this interpretation of the law in tax proceedings. The facts and circumstances of the situation as presented are not of a nature to place its complaint outside of the grievances for which relief was obtainable on appeal under the statute, and it must therefore be restricted to this remedy.

We do not deem further discussion necessary at this time, and are of the opinion that the motion should be denied.

*By the Court.*—It is so ordered.

The following opinion was filed June 5, 1911:

BARNES, J. I stated in a former dissenting opinion that in my judgment the decision of the court not only overruled

*Hayes v. Douglas Co.* 92 Wis. 429, 65 N. W. 482, but also overruled a number of Milwaukee cases. It is said in the opinion of the court on the motion for rehearing that the Milwaukee cases have not been overruled because they were decided under a statute materially different from the one under consideration in the present case. The ratiocination which induced the court to reach this conclusion does not appeal to me as being sound. The refined distinction drawn is one which might appeal to the casuist or the theologian. It is a rather shadowy one to introduce into a practical administration of justice. Stripped to the bone, the difference between the statutes is this: The *Superior* charter provides for appeals in some classes of cases where the Milwaukee charter does not. The *Superior* charter makes the remedy given by appeal exclusive. The Milwaukee charter makes the remedy given by appeal exclusive as to certain designated claims or causes of action. Now, as to any claims or causes of action arising against the city of Milwaukee, where a remedy is given by appeal and where that remedy is expressly declared to be exclusive, I fail to see where there is any room for saying that the statute has any different meaning from that in force in *Superior.* If the remedy in such a case is exclusive under the charter of *Superior,* then it is exclusive under the charter of Milwaukee. Stated in another way, the proposition of the court amounts to this: If in one city a remedy is given by appeal as to all claims arising against it generally, and the remedy is declared to be exclusive, such remedy must be pursued, whereas if in another city a remedy is given by appeal as to one class of claims only, and that remedy is made exclusive by statute, it is not so in fact because one statute is broader and more comprehensive than the other. I fail to see how the fact that a greater number of claims can be brought before the court by appeal under one city charter than under another can have any effect on the exclusiveness of the remedy by appeal in cases where such remedy is given. The

case of *Liebermann v. Milwaukee,* 89 Wis. 336, 61 N. W.
1112, referred to in the former dissenting opinion, may be
used to illustrate the idea intended to be conveyed. That ac-
tion was brought in equity to review a determination by the
proper authorities that the plaintiff had suffered no damages
on a change of grade that had been made. Sec. 11 of subch.
VII of ch. 184, Laws of 1874, gave a right of appeal to a party
who felt aggrieved at an assessment of damages made by the
city authorities on a change of grade, and sec. 12 of the same
subchapter provided that such remedy should be exclusive.
This court held that the charter did not inhibit the plaintiff
from maintaining a suit in equity. There may be a distinc-
tion between the *Liebermann Case* and the cases at bar, but I
fail to see it. In the other Milwaukee cases cited in the dis-
senting opinion, with possibly one exception, the court either
assumed or decided that the remedy by appeal existed. I
would not dissent from the construction placed on the *Su-
perior* charter were the proposition an original one. But I
do not think it is a matter of any great consequence whether
the remedy by appeal is held to be exclusive or not. Consid-
ering the number of decisions already covering the subject,
attorneys and litigants had a right to assume that an appeal
was not necessary to protect their rights. Because of such
reliance the plaintiffs in the present cases are turned out of
court and compelled to bear a burden that is concededly ille-
gal and unjust. The court expressly overrules *Hayes v.
Douglas Co.* to accomplish this result. Litigants and lawyers
are entitled to place some measure of confidence in the stability
of the decisions of this court. They have the right to rely on
the integrity of these decisions and to believe that they will
not be lightly overturned. They are the guides by which they
must govern their actions if they keep within the law. No
one contends that decisions that are fundamentally wrong
should not be overruled where no property rights have grown
up under them. In the instant case, however, there was no

occasion for departing from what had formerly been decided. Where a client calls upon his attorney for advice and is told that this court has decided a question in a certain way a half a dozen times, or even once, it is not flattering to have him add that the decisions do not mean much, as the court is apt to try how the contrary rule would work for a while when the question is again presented to it.

I am authorized to say that Mr. Chief Justice WINSLOW concurs in this opinion.