252    SUPREME COURT OF WISCONSIN.    [FEB.

State ex rel. Rogers v. Soliday, 189 Wis. 252.

STATE EX REL. ROGERS, Appellant, vs. SOLIDAY, as City Clerk, Respondent.

*January 15—February 9, 1926.*

*Municipal corporations: Assessment for laying water mains: Review of assessment: Appeal or certiorari?*

The board of public works and the city council having jurisdiction of the assessment of property for the laying of water mains, the remedy by appeal from the assessment as provided by the statute is exclusive, and *certiorari* does not lie.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Reversed.*

*Certiorari* to test the validity of the assessment of plaintiff's property for the laying of water mains. The facts involved in this case are the same as in the case of *Peterson v. Phillips, ante,* p. 246, 207 N. W. 268.

*W. K. Parkinson* of Phillips, for the appellant.

*H. J. Blanchard* of Phillips, for the respondent.

VINJE, C. J. Under the rule announced in *Newton v. Superior,* 146 Wis. 308, 130 N. W. 242, 131 N. W. 986, and in *Bekkedal v. Viroqua,* 183 Wis. 176, 196 N. W. 879, 197 N. W. 707, and cases there cited, the remedy by appeal from an assessment is exclusive. *Certiorari* does not lie. The board of public works and the city council had jurisdiction of the subject matter of assessing relator's property for the laying of the water mains. The fact that they came to a wrong conclusion as to the amount of the tax did not oust them of jurisdiction. Courts and *quasi*-judicial bodies may err within their jurisdiction. The relator not having appealed from the assessment as the statute provides lost all right to question its correctness. It follows, therefore, that the judgment of the circuit court must be reversed, and the cause remanded with directions to enter judgment quashing the writ of *certiorari.*

*By the Court.*—So ordered.